IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 14-32212-H3-13 |
| Ray Rosa | § | |
| | § | |
| | § | |
| Debtor | § | CHAPTER 13 |

### DEBTOR'S EMERGENCY MOTION TO EXTEND AUTOMATIC STAY

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now, Ray Rosa, Debtor, and files this Motion to Extend Automatic Stay and would respectfully show as follows:

1. Debtor was the Debtor in a previous bankruptcy case number 13-37731-H3-7. The previous case was pending within one (1) year of the filing date of this case. Debtor seeks to extend the Section 362 stay in this case and show the Court that this case and this motion are filed in good faith with respect to all creditors sought to be stayed.

2. In the previous case, Debtor was pro se and filed several documents including but not limited to the Statement of Social Security, Summary of Schedules, Statistical Summary of Certain Liabilities, Chapter

7 Statement of Current Monthly Income and Means Test Calculation –Form 22A, Schedules A through J, Statement of Financial Affairs, and Statement of Intent.  The case was dismissed on April 16, 2014 for Debtor's failure to obtain the prepetition briefing required under Section 109 (h) (1) of the Bankruptcy Code.

3. In the previous case, Michelle Scott and Bill Dembski filed a complaint under adversary case no. 14-03090 objecting to discharge of the Debtor, or, alternatively, to determine dischargeability of debt under Sections 523(a)2(A) and 523(a)4. [Docket #26].  A status conference in the Adversary is scheduled for June 24, 2014 at 10:00 a.m.

4. Debtor filed the instant bankruptcy proceeding on April 23, 2014.

5. Since the dismissal of the previous case, Debtor has hired counsel, Famose T. Garner.

6. In the instant case, Debtor, now through experienced counsel, has filed a certificate of credit counseling that was obtained prior to filing the instant case.

7. Debtor's current income will allow Debtor to successfully complete his Chapter 13 Plan.

8. Debtor, who is now able to make the required payments pursuant to his Chapter 13 plan, has filed this bankruptcy proceeding in good faith and expects to reorganize in accord with the provisions of the Bankruptcy Code.

9. The automatic stay should be extended as to all creditors on the basis that Debtor has filed this case in good faith and fully expects to complete the Chapter 13 plan.  Debtor has retained counsel and the change in financial circumstances of the Debtor evidences the ability to make all the required payments.

10. The automatic stay should be extended as to all of Debtor's scheduled creditors.  If the creditors are not stayed during the term of this bankruptcy proceeding, the collection efforts would impair the Debtor's ability to successfully complete this Chapter 13 Plan.

     Premises considered, Debtor requests that the Court grant this Motion to Extend Automatic Stay.  A form of Order is submitted with this motion.

 Dated:  May 16, 2014

                                           Respectfully submitted,

By: */s/ Famose T. Garner*
Famose T. Garner
TX Bar No. 24074252
10101 Southwest Fwy., Ste. 400
Houston, TX 77074
713-444-1845
713-481-0205 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of May 2014, a true and correct copy of the foregoing instrument was forwarded via personal delivery, U.S. Mail, fax or ECF, to the following parties:

Debtor:
Ray Rosa
25818 Orchard Knoll
Katy, Texas 77494

Chapter 13 Trustee:
William E. Heitkamp
9821 Katy Freeway, Ste. 590
Houston, Texas 77024

U.S. Trustee
515 Rusk Avenue, Ste. 3516
Houston, Texas 77002

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601-4303

/s/*Famose T. Garner*
Famose T. Garner

CERTIFICATION OF EMERGENCY

I certify that emergency relief is required because the automatic stay will lift by operation of law by December 14, 2012.  I also certify that this pleading is accurate pursuant to Local Rule 9013-1.

/s/  *Famose T. Garner*