IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 14-32212-H3-13 |
| | § | |
| RAY ROSA, | § | CHAPTER 13 |
| | § | |
| DEBTOR | § | |

**OBJECTION TO CONFIRMATION OF DEBTOR'S UNIFORM PLAN
AND RESPONSE TO DEBTOR'S MOTION FOR VALUATION OF COLLATERAL
FILED BY WESTLAKE FINANCIAL SERVICES**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes WESTLAKE FINANCIAL SERVICES, a secured creditor in the above-entitled and numbered proceeding, hereinafter called Objector, and files this Objection to Confirmation the Uniform Chapter 13 Plan and Response to Debtor's Motion for Valuation of Collateral proposed by the Debtor herein, and would show the Court that Objector has not accepted the Plan proposed by the Debtor and objects to the Plan for the following reasons and upon the following grounds:

1. Objector is a secured creditor of Debtor, holding a security interest in one (1) 2006 Acura TL bearing serial number 19UUA66246A055131 by virtue of a Retail Installment Contract executed by Ray Rosa on or about September 8, 2012.

2. The contract is in default for the payment due December 2, 2013, and for all subsequent payments at the rate of $522.20 per month. As of the date of the bankruptcy filing, there was due and owing to Objector by the Debtor a principal balance of $18,316.38. Interest continues to accrue on the unpaid principal as allowed by the contract.

3. On or about July 9, 2014, Objector filed its Proof of Claim for $18,316.38.

4. The Chapter 13 Plan proposed by Debtor schedules Objector to receive a secured value of $11,425.00 for its collateral, which is unreasonably low and denies Objector Adequate Protection. Pursuant to 11 U.S.C. §1325, the contract was entered into within 910-days of bankruptcy filing date; thus, Debtor should pay the full amount owed of $18,316.38 as provided by Objector's Proof of Claim.

5. Objector accepts the proposed interest rate of 5.25% as stated in the Debtor's Chapter 13 Plan.

6. Objector's collateral is a depreciating asset. The Plan proposed by Debtor schedules Objector to receive disbursements over a 20-month term, which is unreasonably long and denies Objector Adequate Protection.

7. The Plan proposed by Debtor is infeasible due to lack of income.

8. The Plan proposed by Debtor should not be confirmed in its present form.

9. The Plan proposed by Debtor is unjust and inequitable and should be denied in all things.

WHEREFORE, Objector prays that the Plan proposed by Debtor not be confirmed, that the Plan be dismissed, that Objector receive the full amount of its claim for its collateral and for such other and further relief as may be just and equitable.

Respectfully submitted,

/s/ *Billy G. Baca*
BILLY G. BACA        Adm.No. 3719
State Bar No. 01486800
2180 North Loop West, Suite 510
Houston, Texas  77018-8002
(713) 864-8000
(713) 864-0179 facsimile
LAWRENCE AND BACA, PLLC
BGBaca@LBandD.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the parties listed below, including the Attorney for Debtor, Debtor, and Chapter 13 Trustee by electronic filing or first class United States Mail, postage prepaid, on <u>July 10, 2014</u>.

/s/ <i>Billy G. Baca</i><br>BILLY G. BACA

<u>Parties Served</u>:

Famose T. Garner
Attorney at Law
10101 Southwest Frwy, Ste 400
Houston, Texas 77074

Ray Rosa
25818 Orchard Knoll
Katy, Texas 77494

William E. Heitkamp
Chapter 13 Trustee
9821 Katy Freeway, Suite 590
Houston, Texas 77024